**FILED
SCRANTON**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

SEP 26 2005

PER _____ /s/ _____
DEPUTY CLERK

| | |
|---|---|
| JAMES NOLAN,<br>Petitioner,<br><br>vs.<br><br>JAMES WYNDER, ET AL.,<br>Respondents | :<br>:<br>:  **CIVIL ACTION NO. 3:05-208**<br>:  (JUDGE NEALON)<br>:  (MAGISTRATE JUDGE SMYSER)<br>:<br>: |

## ORDER

The Petitioner, James Nolan, an inmate at the State Correctional Institute at Dallas, filed the instant petition pursuant to 28 U.S.C. § 2254 on January 31, 2005 in which he challenges his conviction and sentence for receiving stolen property and theft by unlawful taking in the Luzerne County Court of Common Pleas. (Doc. 2). The history of this case reveals that in 1991, after a seven month crime spree in two separate counties, Lackawanna and Luzerne, in which Petitioner and his accomplices stole more than twenty-five (25) vehicles. Subsequently, Petitioner pled guilty to nine (9) counts of receiving stolen property and one (1) count of theft, and was sentenced to 30 to 60 years imprisonment by the Court of Common Pleas of Lackawanna County. Having also been charged with similar crimes in Luzerne County, Petitioner was convicted in that county of six (6) counts of theft by unlawful taking and five (5) counts of receiving stolen property, for which he received a term of 21-42 years incarceration, to be served consecutively to his Lackawanna County

sentence.

Presently, Petitioner asserts that his trial counsel was ineffective for failing to raise, on direct appeal, that the prosecution by Luzerne County was barred by the compulsory joinder provisions of 18 Pa.C.S.A. § 110 and double jeopardy considerations; that his conviction violated double jeopardy; and that he was denied due process when the Pennsylvania Supreme Court failed to remand his PCRA appeal to the Superior Court for consideration of his outstanding claims.

On August 23, 2005, United States Magistrate Judge J. Andrew Smyser issued a Report and Recommendation (Doc. 25) in which he recommended that the petition be dismissed under the total exhaustion rule, finding that it was a "mixed" petition containing both exhausted and unexhausted claims. Rose v. Lundy, 455 U.S. 509 (1982). The Magistrate Judge found that the Petitioner had not exhausted his state court remedies with respect to his ineffective assistance of counsel and double jeopardy claims. The issue of whether counsel was ineffective in failing to challenge the prosecution by Luzerne County under 18 Pa.C.S.A. § 110 was found to have been exhausted. However, as to his remaining claim that he was denied due process when the Pennsylvania Supreme Court failed to remand his PCRA appeal to the Superior Court for consideration of his outstanding claims, the Report and Recommendation concluded that this issue was moot in light of a June 9, 2005 order by the Pennsylvania Supreme Court granting his application for relief and directing the

Pennsylvania Superior Court to consider issues raised by Petitioner that it had not addressed in its earlier review of his PCRA appeal.[1]

No objections were filed to the Magistrate Judge's Report and Recommendation. After careful review and in the exercise of sound judicial discretion, the court will adopt the Magistrate Judge's Report and Recommendation.

ACCORDINGLY, THIS 26th DAY OF SEPTEMBER, 2005, IT IS HEREBY ORDERED THAT:

(1) The Report and Recommendation (Doc. 25) is ADOPTED.

(2) The petition for writ of habeas corpus (Doc. 2) is Dismissed without prejudice

(3) The request to amend the habeas corpus petition (Doc. 21) is denied as moot.

(4) The Clerk of Court is directed to close this case.

s/ William J. Nealon
United States District Judge

---

[1] On September 7, 2001, the Pennsylvania Superior Court, finding that the Lackawanna County and Luzerne County prosecutions emanated from the same criminal episode, ruled that the Luzerne County prosecution was barred by 18 Pa.C.S.A. 110, and that counsel was ineffective for failing to raise this issue on direct appeal. The Supreme Court reversed the trial court's denial of PCRA relief and remanded with directions to vacate the sentence and dismiss the charges. In light of this determination, the Superior Court did not address Petitioner's remaining claims. The Pennsylvania Supreme Court subsequently reversed the decision of the Superior Court concluding that the prosecutions did not constitute a single criminal episode, thus, counsel was not ineffective for failing to raise an unfounded claim.